UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
*(electronically filed)*

| | |
|---|---|
| KIMBERLY MYERS | }<br>}<br>} |
| PLAINTIFF | }<br>} |
| v. | }    Case No. 3:24-cv-36-GFVT<br>} |
| CITY OF FRANKFORT, ET AL, | }<br>} |
| DEFENDANTS | } |

### ANSWER OF DEFENDANT LARRY G. CURTIS

Come the Defendant, Larry G. Curtis, in his individual capacity, (hereinafter, "Defendant Curtis"), by counsel, and state as follows for his Answer to Plaintiff's Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant Curtis upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

As for the specific allegations of Plaintiff's Complaint, Defendant Curtis states as follows:[1]

1. The allegations in Paragraph 1 of Plaintiff's Complaint contain a legal statement requiring no response from this Defendant; however, to the extent a response is deemed required, the same is denied.

2. The allegations in Paragraph 2 of Plaintiff's Complaint contains a legal statement

---

[1] With respect to the Introduction included in Plaintiff's Complaint, Defendant notes that the factual allegations set forth therein are reiterated elsewhere in Plaintiff's Complaint and Defendant has accordingly responded to each specific factual allegation throughout his Answer. Therefore, does not separately address this introductory Paragraph or the factual allegations therein; however, to the extent a response is deemed required, the allegations set forth therein are denied.

requiring no response from this Defendant; however, to the extent a response is deemed required, the same is denied.

3. The allegations in Paragraph 3 of Plaintiff's Complaint contains a legal statement requiring no response from this Defendant; however, to the extent a response is deemed required, the same is denied.

4. The allegations in Paragraph 4 of Plaintiff's Complaint contains a legal statement requiring no response from this Defendant; however, to the extent a response is deemed required, the same is denied.

5. Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. With respect to the allegations in Paragraph 6 of Plaintiff's Complaint, Defendant admits the City of Frankfort is a municipality in Kentucky. The remaining allegations in Paragraph 6 are statements of law requiring no response from this Defendant; however, to the extent a response is deemed required, the same is denied.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. With respect to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits he resigned from the Georgetown Police Department on February 1, 2017. The

remaining allegations contained in Paragraph 15 reference a "48-hour Notice," which speaks for itself. The allegations concerning the Notice are accordingly denied to the extent they are inconsistent with the content or substance of that document.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. With respect to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits he was hired by the Frankfort Police Department in 2018. Defendant denies the remaining allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Paragraph 19 of Plaintiff's Complaint references the matter of Russell v. City of Frankfort, et al., 3:20-cv-00040-GFVT-EBA (E.D.K.Y. 2020). The allegations concerning that litigation are denied to the extent they are inconsistent with the pleadings or the court's docket. Defendant further denies any inference of implication of wrongdoing.

20. With respect to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendant admits he remained employed with the Frankfort Police Department following the events involving Kiante Russell and Shian Washington. Defendant further admits he was promoted to be a detective in the Department's Special Victim's Unit. Defendant denies all remaining allegations included in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. With respect to the allegations in Paragraph 24 of Plaintiff's Complaint, Defendant admits he was recognized by Frankfort Police Department as Officer of the Year in 2022. Defendant denies all remaining allegations in Paragraph 24.

25. With respect to the allegations in Paragraph 25 of Plaintiff's Complaint, Defendant

admits he developed relationships with local CPS workers during his time working as an SVU detective. Defendant denies the remaining allegations in Paragraph 25.

26. Paragraph 26 of Plaintiff's Complaint references a performance evaluation allegedly completed by Defendant's supervisor, which speaks for itself. The allegations concerning that performance evaluation are denied to the extent they are inconsistent with the content or substance of that document. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant is without sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. Defendant is without sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. Defendant admits there was a physical altercation between Plaintiff and M.H. on July 6, 2023. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 30 and therefore denies the same.

31. Defendant is without sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. Defendant is without sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. Defendant is without sufficient information to admit or deny the allegations in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34. Defendant is without sufficient information to admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant admits the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant admits the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Defendant is without sufficient information to admit or deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendant is without sufficient information to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendant is without sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendant is without sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant is without sufficient information to admit or deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. With respect to the allegations in Paragraph 42 of Plaintiff's Complaint, Defendant admits he went to the Plaintiff's house accompanied by others on July 7, 2023.

43. With respect to the allegations in Paragraph 43 of Plaintiff's Complaint, Defendant admits Plaintiff was dressed in a bath towel. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 43 and therefore denies the same.

44. Defendant admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45. With respect to the allegations in Paragraph 45 of Plaintiff's Complaint, Defendant admits he requested to see M.H. Defendant denies the remaining allegations in paragraph 45.

46. Paragraph 46 of Plaintiff's Complaint is believed to reference statements recorded by body worn camera. That audio speaks for itself and the allegations concerning those statements are denied to the extent they are inconsistent with the recorded audio. Defendant denies the remaining allegations in Paragraph 46.

47. Paragraph 47 of Plaintiff's Complaint is believed to reference statements recorded by body worn camera. That audio speaks for itself and the allegations concerning those statements

are denied to the extent they are inconsistent with the recorded audio. Defendant denies the remaining allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. With respect to the allegations in Paragraph 49 of Plaintiff's Complaint, Defendant admits he entered Plaintiff's home. Defendant denies the remaining allegations in Paragraph 49.

50. Defendant is without sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiff's Complaint and therefore denies the same.

51. Paragraph 51 of Plaintiff's Complaint is believed to reference statements recorded by body worn camera. That audio speaks for itself and the allegations concerning those statements are denied to the extent they are inconsistent with the recorded audio. Defendant denies the remaining allegations in Paragraph 51.

52. Paragraph 52 of Plaintiff's Complaint is believed to reference statements recorded by body worn camera. That audio speaks for itself and the allegations concerning those statements are denied to the extent they are inconsistent with the recorded audio. Defendant denies the remaining allegations in Paragraph 52.

53. With respect to the allegations contained in Paragraph 53 of Plaintiff's Complaint, Defendant admits he did not attempt to speak with Plaintiff's twenty-three-year-old daughter on July 7, 2023. Defendant denies the remaining allegations in Paragraph 53.

54. Defendant admits the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Paragraph 57 of Plaintiff's Complaint references an article in The State Journal, which speaks for itself. The allegations concerning the article are denied to the extent they are inconsistent with the article's content or substance. The remaining allegations in Paragraph 57 are

denied.

58. Defendant is without sufficient information to admit or deny the allegations in Paragraph 58 of Plaintiff's Complaint and therefore denies the same.

59. With respect to the allegations in Paragraph 59 of Plaintiff's Complaint, Defendant admits he testified at a preliminary hearing held in 23-F-00255 on October 17, 2024. Upon information and belief, Defendant admits Plaintiff and her daughter, Celeste, also testified at the October 17 hearing. The remaining allegations in Paragraph 59 reference findings by the Court in 23-F-00255, which speak for themselves. The allegations concerning the court's findings are denied to the extent they are inconsistent with the content or substance of those findings or the Court's record.

60. Paragraph 60 of Plaintiff's Complaint references the suppression hearing held in 23-F-00255 and statements made by The Court on the record. Those statement speak for themselves and the allegations concerning those statements are denied to the extent they are inconsistent with the court record.

61. Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64. With respect to the allegations in Paragraph 64 of Plaintiff's Complaint, Defendant admits he remained employed at the Frankfort Police Department following the events described in the Complaint. Defendant denies the remaining allegations in Paragraph 64, including any inference or implication of wrongdoing.

65. Paragraph 65 of Plaintiff's Complaint references a memorandum allegedly authored by Defendant's supervisor. The referenced memorandum speaks for itself and the allegations concerning the memorandum are denied to the extent they are inconsistent with the content or

substance of that document.

66. Defendant admits the allegations in Paragraph 66 of Plaintiff's Complaint.

67. Paragraph 67 of Plaintiff's Complaint references an Employment History Check which speaks for itself. The allegations concerning that Employment History Check are accordingly denied to the extent they are inconsistent with the content or substance of that document.

68. Paragraph 68 of Plaintiff's Complaint references an Employment History Check which speaks for itself. The allegations concerning that Employment History Check are accordingly denied to the extent they are inconsistent with the content or substance of that document.

69. With respect to the allegations in Paragraph 69 of Plaintiff's Complaint, Defendant admits he is no longer employed with the Boyle County Sheriff's Office. Defendant denies the remaining allegations in Paragraph 69.

70. In response to Paragraph 70 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

71. Paragraph 71 of Plaintiff's Complaint contains statements of law requiring no response from this Defendant; however, to the extent a response is deemed required, the allegations in Paragraph 71 are denied to the extent they are inconsistent with the law.

72. Paragraph 72 of Plaintiff's Complaint contains statements of law requiring no response from this Defendant; however, to the extent a response is deemed required, the allegations in Paragraph 72 are denied to the extent they are inconsistent with the law.

73. Defendant admits the allegations in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations in Paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations in Paragraph 79 of Plaintiff's Complaint.

80. In response to Paragraph 80 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

81. Defendant admits the allegations in Paragraph 81 of Plaintiff's Complaint.

82. Defendant denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations in Paragraph 85 of Plaintiff's Complaint.

86. In response to Paragraph 86 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

87. Defendant denies the allegations in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations in Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies the allegations in Paragraph 89 of Plaintiff's Complaint.

90. Paragraph 90 of Plaintiff's Complaint contains statements of law requiring no response from this Defendant; however, to the extent a response is deemed required, the allegations in Paragraph 90 are denied to the extent they are inconsistent with the law.

91. Defendant denies the allegations in Paragraph 91 of Plaintiff's Complaint.

92. Defendant denies the allegations in Paragraph 92 of Plaintiff's Complaint.

93. In response to Paragraph 93 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

94. Defendant denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96. Defendant denies the allegations in Paragraph 96 of Plaintiff's Complaint.

97. In response to Paragraph 97 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

98. Defendant denies the allegations in Paragraph 98 of Plaintiff's Complaint.

99. With respect to the allegations in Paragraph 99 of Plaintiff's Complaint, Defendant admits the criminal charges in 23-F-00255 were dismissed with prejudice.

100. With respect to the allegations in Paragraph 100 of Plaintiff's Complaint, Defendant denies that no probable cause existed for the charges brought against the Plaintiff. Paragraph 100 also references findings of the Franklin District Court, which speak for themselves. The allegations concerning those findings are denied to the extent they are inconsistent with the content or substance of said findings.

101. Defendant denies the allegations in Paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations in Paragraph 102 of Plaintiff's Complaint.

103. In response to Paragraph 103 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

104. With respect to the allegations in Paragraph 104 of Plaintiff's Complaint, Defendant admits he took Plaintiff into custody and that she was incarcerated at the Franklin County Regional Jail. Defendant denies the remaining allegations in Paragraph 104, including any inference or implication of wrongdoing.

105. Defendant denies the allegations in Paragraph 105 of Plaintiff's Complaint.

106. Defendant denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107. Defendant denies the allegations in Paragraph 107 of Plaintiff's Complaint.

108. In response to Paragraph 108 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

109. Defendant denies the allegations in Paragraph 109 of Plaintiff's Complaint.

110. Defendant admits the allegations in paragraph 110 of Plaintiff's Complaint.

111. Paragraph 111 of Plaintiff's Complaint contains statements of law requiring no response from this Defendant; however, to the extent a response is deemed required, the allegations in Paragraph 111 are denied to the extent they are inconsistent with the law.

112. Defendant denies the allegations in Paragraph 112 of Plaintiff's Complaint.

113. Defendant denies the allegations in Paragraph 113 of Plaintiff's Complaint.

114. Defendant denies the allegations in Paragraph 114 of Plaintiff's Complaint.

115. In response to Paragraph 115 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

116. Defendant denies the allegations in Paragraph 116 of Plaintiff's Complaint.

117. Defendant denies the allegations in Paragraph 117 of Plaintiff's Complaint.

118. Defendant denies the allegations in Paragraph 118 of Plaintiff's Complaint.

119. Defendant denies the allegations in Paragraph 119 of Plaintiff's Complaint.

120. In response to Paragraph 120 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

121. Defendant denies the allegations in Paragraph 121 of Plaintiff's Complaint.

122. Defendant denies the allegations in Paragraph 122 of Plaintiff's Complaint.

123. Defendant denies the allegations in Paragraph 123 of Plaintiff's Complaint.

124. Defendant denies the allegations in Paragraph 124 of Plaintiff's Complaint.

125. Defendant denies the allegations in Paragraph 125 of Plaintiff's Complaint.

126. In response to Paragraph 126 of Plaintiff's Complaint, Defendant restates and realleges the factual averments in preceding paragraphs herein.

127. Defendant denies the allegations in Paragraph 127 of Plaintiff's Complaint.

128. Paragraph 128 of Plaintiff's Complaint contains legal statements requirement no

response from this Defendant; however, to the extent a response is deemed required, the same is denied.

129. All other allegations not specifically admitted herein are denied, including all prayers for relief.

### THIRD DEFENSE

Defendant pleads sovereign immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### FOURTH DEFENSE

Defendant pleads absolute immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### FIFTH DEFENSE

Defendant pleads qualified immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### SIXTH DEFENSE

Defendant pleads qualified official immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### SEVENTH DEFENSE

Defendant pleads waiver, collateral estoppel, and *res judicata* as affirmative defenses to the allegations contained in Plaintiff's Complaint.

### EIGHTH DEFENSE

Defendant hereby pleads the doctrine of legislative immunity as a complete defense to Plaintiff's Complaint.

### NINTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

**TENTH DEFENSE**

Defendant asserts that Plaintiff has not been denied any right or privilege guaranteed by the Constitution or the laws of the United States of America.

**ELEVENTH DEFENSE**

Plaintiff's Complaint is barred by the provisions of KRS 65.200 *et seq.*

**TWELFTH DEFENSE**

The court lacks personal and subject matter jurisdiction over Defendant and should, therefore, dismiss Plaintiff's Complaint.

**THIRTEENTH DEFENSE**

As an affirmative defense, Defendant pleads failure to exhaust administrative remedies.

**FOURTEENTH DEFENSE**

Plaintiff's Complaint is barred in part or in whole by the doctrines of collateral estoppel (issue preclusion).

**FIFTEENTH DEFENSE**

At all times complained of, Defendant acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to his conduct and with an objectively reasonable belief that his actions were lawful.

**SIXTEENTH DEFENSE**

The damages alleged by the Plaintiff were caused and brought about by an intervening and superseding event over which Defendant had no control or responsibility, and Defendant is without fault, and pleads and relies upon the same as a complete or partial bar to the Plaintiff's claims.

**SEVENTEENTH DEFENSE**

Defendant reserves the right to plead further herein and specifically reserves the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

**EIGHTEENTH DEFENSE**

Plaintiff has failed to sue an indispensable party.

WHEREFORE, Defendant respectfully requests judgment be entered in his favor, and that the Plaintiff's Complaint against him be dismissed and that Plaintiff takes nothing thereby. Defendant further requests his costs and expenses, including attorneys' fees, herein expended in this matter, for a trial by jury, and for any and all other appropriate relief to which he may appear to be entitled.

Respectfully submitted,

/s/ *L. Scott Miller*
L. Scott Miller
Maureen C. Malles
J. Tyler Chelf
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
(859) 255-8581
smiller@sturgillturner.com
mmalles@sturgillturner.com
tchelf@sturgillturner.com
COUNSEL FOR DEFENDANT
LARRY G. CURTIS, in his individual capacity

## CERTIFICATE OF SERVICE

  It is hereby certified that on June 17, 2024, the foregoing document was filed and sent via electronic service CM/ECF to:

| | |
|---|---|
| Patrick Brennan<br>William Eric Branco<br>JOHNSON BRANCO & BRENNAN, LLP<br>326 West Main Street<br>Frankfort, KY 40601<br>patrick@jbbfirm.com<br>eric@jbbfirm.com<br>COUNSEL FOR PLAINTIFF | Carol Schureck Petitt<br>Matthew R. Bastin<br>VAUGHN PETITT LEGAL GROUP, PLLC<br>7500 West Highway 146  Pewee Valley, Kentucky 40056<br>cpetitt@vplegalgroup.com<br>mbastin@vplegalgroup.com<br>COUNSEL FOR DEFENDANTS CITY OF FRANKFORT AND DUSTIN BOWMAN |

/s/ *L. Scott Miller*
Sturgill, Turner, Barker & Moloney, PLLC

4870-9376-9417, v. 1